IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> SEAMASTER LOGISTICS, INC., et al., <br><br> Defendants. | Case No.: 11-cv-2861 SC (JSC) <br><br> **ORDER RE: JOINT STATEMENT REGARDING DISCOVERY DISPUTE, (Dkt. No. 152)** |

Pending before the Court is a Joint Statement regarding a discovery dispute whereby Defendants SeaMaster Logistics, Inc. ("SeaMaster") and Summit Logistics International, Inc., [now known as Toll Global Forwarding (Americas) Inc.], move to compel responses to two interrogatories seeking payment calculations from Plaintiff Mitsui O.S.K. Lines, Ltd. ("MOL"). (Dkt. No. 152.) Having considered the arguments raised by the parties and the pleadings in this case, the Court GRANTS Defendant's request in part as set forth below.

## DISCUSSION

Under the Federal Rules of Civil Procedure a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated

to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).  The Court has broad discretion to permit discovery of potentially relevant evidence. *See Surfvivor Media, Inc. v. Survivor Prods*., 406 F.3d 625, 635 (9th Cir. 2005).

Defendants move to compel responses to the following interrogatories:

> Interrogatory No. 24: For each shipment that PLAINTIFF identified in Exhibits A and B to its Requests for Admission, Set One, state the total amount that MOL received in payment for trucking services.
>
> Interrogatory No. 25: For each shipment that PLAINTIFF identified in Exhibits A and B to its Requests for Admission, Set One, state the total amount that MOL paid to RAINBOW for trucking services.

Defendants contend that this information is essential to understanding Plaintiff's damages claims because Plaintiff alleges: 1) no trucking services were ever performed and Rainbow was a sham, and 2) Rainbow charged Plaintiff more for their non-existent services than Plaintiff charged Defendants for the same services.  Defendants thus seek the actual numbers supporting Plaintiff's claims; namely, the total amount Plaintiff received from Defendants for the shipment Plaintiff attributes to Defendants and the total amount Plaintiff paid to Rainbow for the same shipments.

Plaintiff responded to the interrogatories by referring to its document production; in particular, the 300,000 screenshots of records from Plaintiff's StarNet shipping system that Plaintiff produced in response to Defendants' document requests.  Plaintiff contends this response is appropriate in light of Federal Rule of Civil Procedure 33(d) which permits a party to refer to particular business records in lieu of responding to an interrogatory where "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party."

Defendants contend that the reference to the shipping records is improper because Defendants cannot glean the information sought in these interrogatories from the documents due to issues with Plaintiff's production.  Specifically, Plaintiff's response refers to its entire production of screenshots (300,000), rather than a subset which would represent the particular

2

screenshots at issue (14,000); further, the screenshot production was not segregated or identified in a way that would allow Defendants to search the records and make the calculation sought by Interrogatory 24.

On December 6, 2012, the Court noted the issues with Plaintiff's production of screenshots from the StarNet system and ordered Plaintiff to reproduce the shipping records for relevant shipments in a searchable format. (Dkt. No. 159.) Plaintiff's reliance on the screenshots to respond to these interrogatories is problematic for the same reasons set forth in that order; namely, the production fails to satisfy Federal Rule of Civil Procedure 34(b)(2)(E)(ii)'s requirement that electronic data be produced in the way the data is "ordinarily maintained or in a reasonably usable form." If Plaintiff seeks to rely on this same deficient production to respond to Interrogatory No. 24, then it must reproduce the screenshots as required by the Court's December 6, 2012 for the 14,000 shipments at issue here. Alternatively, as Plaintiff has not articulated any burden associated with responding to this interrogatory, Plaintiff could instead elect to respond to the Interrogatory as propounded.

With respect to Interrogatory No. 25, Plaintiff has agreed to amend its response to state a numerical figure setting forth its present calculation of damages resulting from the Shenzhen truck fraud. Defendants contend that this amount should be broken down by defendant. The Court agrees. Plaintiff's supplemental response shall set for its present calculation of damages resulting from the Shenzhen truck fraud for each Defendant. This information is both relevant and required by Federal Rule of Civil Procedure 26(a)(1).

Plaintiff shall produce the information called for by this Order within 10 days.

This Order disposes of Docket No. 152 in Case No. 11-2861.

**IT IS SO ORDERED.**

Dated: December 7, 2012

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE