EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
Eric Danoff (60915)
Katharine Essick (219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 227-9455
Facsimile: (415) 227-4255
E-Mail: edanoff@edptlaw.com
kessick@edptlaw.com

Attorneys for Defendants
SEAMASTER LOGISTICS, INC. and
TOLL GLOBAL FORWARDING
(AMERICAS)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>SEAMASTER LOGISTICS, INC., et al.,<br><br>Defendants, | Case No.: CV 10 5591 SC<br>Case No.: CV 11 2861 SC<br>(Consolidated)<br><br>**MOTION BY DEFENDANT SUMMIT LOGISTICS INTERNATIONAL TO ALTER OR AMEND JUDGMENT [Case No. CV 11 2861 SC]**<br><br>Hearing Date: May 24, 2013<br>Hearing Time: 10:00 a.m.<br>Court: Hon. Samuel Conti |
| MITSUI O.S.K. LINES, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>SEAMASTER LOGISTICS, INC., et al.,<br><br>Defendants, | |
| AND RELATED COUNTERCLAIMS. | |

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ................................................................................................................ 1

ISSUES PRESENTED ................................................................................................................. 1

POINTS AND AUTHORITIES ................................................................................................... 2

I. STATEMENT OF FACTS.............................................................................................. 2

II. SUMMIT US CANNOT BE HELD JOINTLY AND SEVERALLY LIABLE FOR TORTS THAT KESCO CONTAINER COMMITTED BEFORE SUMMIT US JOINED THE CONSPIRACY........................................................................................ 3

III. SUMMIT US CANNOT BE HELD JOINTLY AND SEVERALLY LIABLE FOR TORTS THAT KESCO CONTAINER COMMITTED BEFORE SUMMIT US WAS FORMED. ........................................................................................................ 7

IV. THE JUDGMENT AGAINST SUMMIT US SHOULD BE AMENDED TO REDUCE THE DAMAGES AWARDED TO THE PERIOD AFTER SUMMIT US JOINED THE CONSPIRACY. ............................................................................... 9

V. CONCLUSION. .............................................................................................................. 9

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- i -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

# TABLE OF AUTHORITIES

Page

**CASES**

*Aetna Cas. Sur. Co. v P&B Autobody*, 43 F.3d 1546 (1st Cir. 1994) ................................. 7

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503,
28 Cal. Rptr. 2d 475, 869 P.2d 454 (1994) .......................................................... 3, 8

*Chavers v. Gatke Corp.*, 107 Cal. App. 4th 606, 132 Cal. Rptr. 2d 198 (2003) ................. 8

*Davis v. Superior Court*, 175 Cal. App. 2d 8, 26, 345 P.2d 513 (1959) ............................ 6

*de Vries v. Brumback*, 53 Cal. 2d 643, 2 Cal. Rptr. 764, 349 P.2d 532 (1960) ................. 4

*Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 260 Cal. Rptr. 183,
775 P.2d 508 (1989) .................................................................................................. 8

*Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 108 Cal. Rptr. 480, 510 P.2d 1032 (1973) ...... 8

*Hardy v. Vial*, 48 Cal. 2d 577, 311 P.2d 494 (1957) ......................................................... 8

*Kesmodel v Rand*, 119 Cal. App. 4th 1128, 15 Cal. Rptr. 3d 118 (2004) ......................... 5

*Kidron v. Movie Acquisition Corporation*, 40 Cal. App. 4th 1571,
47 Cal. Rptr. 2d 752 (1995) ................................................................................... 3, 4

*Levine v. United States*, 383 U.S. 265, 86 S. Ct. 925, 15 L. Ed. 2d 737 (1966) ................ 6

*Longstreth v. Superior Court*, 175 Cal.App.2d 27 (1959) ................................................ 7

*McMartin v Children's Institute International*, 212 Cal. App. 3d 1393,
26 Cal. Rptr. 437 (1989) ........................................................................................... 8

*Peterson v. Cruickshank*, 144 Cal. App. 2d 148, 300 P.2d 915 (1956) ............................ 4

*Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946) ........... 4

*United States v Philip Morris USA*, 316 F. Supp. 2d 19 (D.D.C. 2004) ........................... 7

*United States v. Garcia*, 497 F.3d 964 (9th Cir. 2007) .................................................... 6

*United States v. Lothian*, 976 F.2d 1257 (9th Cir. 1992) ................................................. 6

*United States v. Saavedra*, 684 F.2d 1293, 1302 (9th Cir. 1982) .................................... 7

*Weinbaum v Goldfarb, Whitman & Cohen*, 46 Cal. App. 4th 1310,
54 Cal. Rptr. 2d 462 (1996) ..................................................................................... 8

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

*Wise v Southern Pacific Co.*, 223 Cal. App. 2d 50, 35 Cal. Rptr. 652 (1963) .............................. 3

**OTHER AUTHORITIES**

Restatement (Second) Torts, Statute of Limitations §899, cmt c (1979) ....................................... 5

Witkin, *Summary of Cal. Law,* Torts (Fraud and Deceit) §816 (10th ed. 2005) .......................... 5

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- iii -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

## NOTICE OF MOTION

Please take notice that on May 24, 2013, at 10:00 a.m., in Case No. CV-11- 2861 SC, defendant Toll Global Forwarding (Americas) Inc., previously named Summit Logistics International, Inc. ("Summit US"), will move to alter or amend the Judgment against it on the ground that it cannot be held jointly and severally liable with co-defendant Kesco Container Line ("Kesco") to plaintiff Mitsui O.S.K. Lines, Ltd. ("MOL") for torts Kesco committed and completed before Summit US joined (as the Court found) in a conspiracy with Kesco. This Motion is based upon this Notice, the Points and Authorities below, the record of the trial, the Court's Findings of Fact and Conclusions of Law following the trial, the pleadings filed in this case, and the arguments and evidence that may be presented at the hearing.

## ISSUES PRESENTED

The Court's Findings of Fact ["FF"] and Conclusions of Law ["CL"], Dkt. No. 261 filed March 21, 2013, in Case No. CV-11-02861 held Summit US jointly and severally liable with Kesco to MOL for Kesco's intentional misrepresentations concerning purported Shenzhen door shipments during 2000-2010, including those shipments that Kesco booked and that were completed before Summit US joined (as the Court found) in the conspiracy in January 2009. (CL pp. 62, 69.) This resulted in a Judgment against Summit US of $8,284,393.11 even though most of that amount was for Kesco shipments made before January 2009. Summit US acknowledges that conspirators can be held jointly and severally liable for torts committed and completed during the conspiracy. A conspirator cannot be held retroactively liable, however, for torts committed and completed before it joined the conspiracy. MOL induced the Court to incorrectly impose retroactive liability on Summit US for the pre-2009 shipments based on general language in cases that a conspirator can be jointly and severally liable for acts committed in furtherance of the conspiracy prior to his joining the conspiracy. Those general statements, however, were made in the context of uncompleted torts or crimes. No case holds that a conspirator can be liable for torts that were completed before he joined the conspiracy. No case has imposed retroactive liability on a conspirator in the way that this Court has imposed retroactive liability on Summit US. The Court's ruling on this point is contrary to law and would vastly expand liability

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 1 -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC

for civil conspiracy. Summit US therefore moves for an order altering or amending the Judgment to reduce its joint and several liability with Kesco to the period after Summit US joined the conspiracy.

## POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS.

The Court made the following findings of fact and conclusions of law relevant to this Motion. Summit US disagrees with several of these findings and conclusions, including that Summit US joined in a conspiracy with Kesco at any time, but for purposes of this Motion Summit US challenges only the legal conclusion that Summit US can be jointly and severally liable for the torts of intentional misrepresentation that Kesco committed before Summit US joined the conspiracy.

The Court found that a conspiracy to commit intentional misrepresentations existed between MOL's Michael Yip and Kesco Container that began in 2000 when Raymond Cheng, on behalf of Kesco Container, agreed to enter into the Shenzhen door arrangement with Yip. (FF #37-38, pp.16-17.) The intentional misrepresentations were bookings of shipments as Shenzhen door when they actually were port CY shipments. The Court found that the conspiracy concluded in June 2010. (CL p. 61.)

Summit US was incorporated in March 2008. (FF #31, p. 14.) The Court found that Summit US became involved with the conspiracy in January 2009 through Summit SCM, its origin handling agent. (FF #51, p.22; CL p.62.)

The Court made the conclusion of law that because of the conspiracy to commit intentional misrepresentation, both Kesco and Summit US would be held jointly and severally liable for all acts committed in furtherance of the conspiracy between 2000 and June 2010. (CL p. 63.)

///
///
///
///

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 2 -
DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

## II. SUMMIT US CANNOT BE HELD JOINTLY AND SEVERALLY LIABLE FOR TORTS THAT KESCO CONTAINER COMMITTED BEFORE SUMMIT US JOINED THE CONSPIRACY.

Kesco's pre-2009 intentional misrepresentations (the Shenzhen door bookings) and the resultant payments by MOL to Rainbow for those shipments were completed before Summit US joined the conspiracy. Summit US cannot be held liable for conspiracy for those completed torts.

The Court applied California law to the issue of civil conspiracy. In California, as in most jurisdictions, conspiracy is not an independent tort, and it "is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 510-11, 28 Cal. Rptr. 2d 475, 869 P.2d 454 (1994). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Id.* at 511. "Therefore, it is the acts done and not the conspiracy to do them which should be regarded as the essence of the civil action." *Applied Equipment,* 7 Cal. 4th at 511. To prove a claim for civil conspiracy in California the plaintiff is required to prove three elements: (1) the formation and operation of the conspiracy; (2) wrongful conduct in furtherance of the conspiracy; and (3) damages arising from the wrongful conduct. *Wise v Southern Pacific Co.,* 223 Cal. App. 2d 50, 64-65, 35 Cal. Rptr. 652 (1963).

While joint and several liability for a tort may attach to a defendant who joins the conspiracy while the tort is ongoing, joint and several liability does not attach for torts completed before the defendant joins. The primary California case addressing this issue is *Kidron v. Movie Acquisition Corporation,* 40 Cal. App. 4th 1571, 47 Cal. Rptr. 2d 752 (1995). In *Kidron* the court held that one defendant could not be held liable for conspiring with two others to steal intellectual property (a television concept) because the two others had completed that tort before the defendant allegedly joined the conspiracy. See *Kidron,* 40 Cal. App. 4th 1571, 1592-96 (1995) (affirming grant of motion for nonsuit). The court stated: "[Plaintiff] Kidron's theory of conspiracy requires the court to accept the premise that one can be liable for the commission of a

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 3 -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

tort that has already been committed by another." *Id.*, at 1593. The court rejected that theory. The court noted that in criminal conspiracy cases courts repeatedly have held that a defendant cannot be liable as a coconspirator if the crime was committed before he joined the conspiracy. *Id.*, at 1593. The court added: "Cases addressing civil conspiracy also do not support Kidron's apparent rearview mirror image of the course of events." *Id.*, at 1593, discussing cases.

Thus a late joining conspirator cannot be held liable for torts committed before he joins. This should not be confused with the principle that for uncompleted torts a late joining conspirator can be liable for the prior acts by the coconspirators, so long as he participates in the completion of the tort. In *de Vries v. Brumback*, 53 Cal. 2d 643, 2 Cal. Rptr. 764, 349 P.2d 532 (1960), the Court held that defendant Brumback, who received and fenced stolen jewelry from other defendants, was properly liable with the other defendants for conspiracy to commit the tort of conversion. This was so even though Brumback joined the conspiracy a few hours after the robbery, because the underlying tort in *de Vries* was not the theft but the conversion, which had not been completed when he joined the conspiracy. See *id.* at 650. The court in *Kidron* distinguished the *de Vries* case on the ground that the underlying tort was completed in *Kidron* before the defendant joined the conspiracy, whereas in *de Vries* the underlying tort was not completed when the defendant joined.

Similarly in *Peterson v. Cruickshank*, 144 Cal. App. 2d 148, 300 P. 2d 915 (1956), a jury found a late-joining defendant liable for conspiring with a physician and a sanitarium to commit the tort of false imprisonment. After the other defendants had restrained the plaintiff in the sanitarium, they reached an understanding with the late-joining defendant to conspire to keep her there. Distinguishing *Peterson,* the court in *Kidron* observed, "*Peterson* merely stands for the proposition that a defendant who assists in an *ongoing* tort may be held liable as a coconspirator. *Peterson* is not analogous to the facts underlying Kidron's claim, which point clearly to a tort that was completed months before…." *Kidron,* 40 Cal. App. 4th at 1595-96 (emphasis in original).

The underlying torts in the case at bar are the intentional misrepresentations to MOL that shipments were Shenzhen door shipments when they actually were port CY shipments. The concluding element in the tort of intentional misrepresentation is damage resulting from reliance

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 4 -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

on the misrepresentation. Witkin, *Summary of Cal. Law,* Torts (Fraud and Deceit) §816 at p. 1178 (10th ed. 2005), and authorities cited there. See also Restatement (Second) Torts, Statute of Limitations §899, cmt c (1979) ("A cause of action for misrepresentation in a business transaction is complete when the injured person has been deprived of his property or otherwise has suffered pecuniary loss or has incurred liability as the result of the misrepresentation.").

MOL's damages for the intentional misrepresentations were the payments MOL made to Rainbow in reliance upon the Shenzhen door bookings. For the Kesco shipments MOL incurred these damages within weeks (or at most a few months) of Kesco booking those shipments. See, e.g., Ex. P-262, at line 2 (MOL damages spreadsheet re: Kesco Container), showing 3/20/2004 as the date MOL prepared a Transport Purchase Order ("TPO") to Rainbow [Columns AG and AM], an MOL bill of lading date of 3/22/2004 [Column B], and a TPO issuance date of 6/4/2004 [Column AN], and subsequent entries; see also trial transcript page 48 et seq. (testimony of MOL's Warrin Minck regarding Ex. P-262) and Appendix G to MOL's Trial Brief, Dkt.#253-1, p. 103, showing MOL's payments to Rainbow for Kesco shipments by year.

Kesco's tort of intentional misrepresentation for each of its shipments with MOL during 2000-2008 was completed as soon as MOL paid Rainbow for the shipment. This occurred before, mostly years before, Summit US joined the conspiracy. Summit US cannot be held liable for the Kesco torts that were completed before Summit US joined the conspiracy in 2009. There is a critical difference between an ongoing conspiracy and an ongoing tort; while the conspiracy may have been ongoing for years, the underlying torts were not ongoing but were completed after each payment by MOL to Rainbow.

Summit US has found no case in which a court has imposed retroactive liability for completed torts as the Court did here. The Court's Findings and Conclusions cited two cases for the proposition that it can impose retroactive liability, but neither case supports that proposition. The court in *Kesmodel v Rand,* 119 Cal. App. 4th 1128, 15 Cal. Rptr. 3d 118 (2004), cited at CL p. 69, ruled only that conspirators can be held jointly and severally liable, including for noneconomic damages. The case does not discuss or rule on whether such damages can be retroactive and impose liability on a late joining conspirator for torts completed before he joined.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 5 -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

As did MOL, the Court cited *Pinkerton v. United States*, 328 U.S. 640, 646-47, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946) for the proposition that coconspirators are generally liable for the prior and subsequent acts of the other conspirators undertaken in furtherance of the conspiracy. (CL p.61.) While that language is unobjectionable in the context of a conspirator joining a conspiracy to commit an uncompleted tort or crime, *Pinkerton* does not support the application of that principle to completed torts or to this case. In *Pinkerton* two criminal defendants were convicted of a conspiracy to violate the Internal Revenue Code and of several substantive violations of the Code. The main issue in the case was whether the substantive offenses were merged into the conspiracy offense, so that only a single sentence for conspiracy could be imposed. The Court found no merger. The Court also held that one defendant could be held liable for substantive offenses that his co-conspirator committed during the course of the conspiracy even though that defendant did not himself commit the substantive offense. This is the criminal equivalent of joint and several liability for civil conspiracy. The *Pinkerton* case says nothing however about applying retroactive liability for completed crimes or torts. The *Pinkerton* court's holdings do not state or even suggest that a conspirator can be retroactively liable for torts committed before he joined the conspiracy.

Although criminal conspiracy law differs from civil conspiracy law in certain respects, courts in civil conspiracy cases do refer to criminal conspiracy cases for guidance. Criminal conspiracy cases--including those post-*Pinkerton*--clearly support the rule that retroactive liability is prohibited. Federal criminal conspiracy law holds that a conspirator cannot be liable for the crimes of his coconspirators that occurred before he joined the conspiracy. *Levine v. United States,* 383 U.S. 265, 86 S. Ct. 925, 15 L. Ed.2d 737 (1966); *United States v. Lothian*, 976 F.2d 1257, 1262 (9th Cir. 1992) ("A defendant is criminally liable for any underlying substantive offenses committed by co-conspirators during the defendant's membership in the conspiracy. On the other hand, a defendant cannot be held liable for substantive offenses committed before joining or after withdrawing from a conspiracy."); *United States v. Garcia*, 497 F.3d 964, 967 (9th Cir. 2007). California criminal conspiracy law is the same. *Davis v. Superior Court,* 175 Cal. App. 2d 8, 26, 345 P.2d 513 (1959) (defendants who published a smuggled

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 6 -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

manuscript cannot be charged with the smuggling violation committed before they joined the conspiracy); *Longstreth v. Superior Court,* 175 Cal. App. 2d 27, 28 (1959) (same; "defendants cannot be charged with *ex post facto* liability for conspiratorial taking in which they did not participate").

Nor do the cases MOL cited (at pp. 20-21) in its Post-Trial Brief, Dkt. No. 253 filed February 26, 2013, support a finding of retroactive liability in this case. Those cases (which primarily involve statutory RICO conspiracy claims, which differ from California civil conspiracy) just contain the same general language as in *Pinkerton* that conspirators may be jointly and severally liable for prior acts of the conspiracy, but the cases do not state that the language applies to completed torts or crimes as opposed to ongoing torts or crimes. See *United States v. Saavedra*, 684 F.2d 1293, 1302 (9th Cir. 1982) (issue was sufficiency of evidence to support fraud claim and conspiracy convictions; no discussion of retroactive liability for completed crimes); *AetnaCas. Sur. Co. v P&B Autobody,* 43 F.3d 1546 (1st Cir. 1994) (issue was sufficiency of evidence to support RICO conspiracy claims and civil conspiracy claims; no discussion of retroactive liability); *United States v Philip Morris USA*, 316 F. Supp. 2d 19, 27 & n.8 (D.D.C. 2004) (issue was whether joint and several liability applies to RICO conspiracy claims; no discussion of retroactive liability).

The general language in reported cases that a conspirator who joins a preexisting conspiracy is bound by the prior acts of the conspiracy apparently has misled this Court. That language, in the context of the facts of those cases, applies only to ongoing torts or crimes, not to completed torts previously committed by an ongoing conspiracy. No authority exists for imposing retroactive liability on Summit US for Kesco's intentional misrepresentation torts that were completed before Summit US joined the conspiracy.

### III. SUMMIT US CANNOT BE HELD JOINTLY AND SEVERALLY LIABLE FOR TORTS THAT KESCO CONTAINER COMMITTED BEFORE SUMMIT US WAS FORMED.

Under California law a conspirator cannot be held liable for a conspiracy's underlying torts when he is by law incapable of committing the tort. The California Supreme Court stated

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 7 -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

this principle in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503, 511, 28 Cal. Rptr. 2d 475, 869 P.2d 454 (1994): "By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty." The California Supreme Court in *Applied Equipment* stated that this principle was established by two lines of conspiracy cases. In one, courts have held that coconspirator agents of insurers could not be liable for conspiracy for the breach of the covenant of good faith and fair dealing because the agents themselves (as opposed to the coconspirator insurers) did not owe that duty to the insured. Citing *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 108 Cal. Rptr. 480, 510 P.2d 1032 (1973); *Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 260 Cal. Rptr. 183, 775 P.2d 508 (1989). In another, courts have refused to impose civil conspiracy liability on a coconspirator who was legally incapable of committing the conspiracy's underlying tort because of a statutorily created immunity from liability for that tort that pertained to him. Citing *Hardy v. Vial,* 48 Cal. 2d 577, 311 P.2d 494 (1957); *McMartin v Children's Institute International,* 212 Cal. App. 3d 1393, 26 Cal. Rptr. 437 (1989). In the *Applied Equipment* case the court refused to find a defendant liable for conspiracy for interference with contract because the defendant could not be liable in tort for interfering with its own contract. The case *Chavers v. Gatke Corp.,* 107 Cal. App. 4th 606, 614, 132 Cal. Rptr. 2d 198 (2003) summarizes California law on this point: "As we read *Allied Equipment* and the antecedent case authorities on which it builds, in California a civil conspiracy to commit tortious acts can, as a matter of law, *only* be formed by parties who are already under a duty to the plaintiff, the breach of which will support a cause of action against them—individually and not as conspirators—in tort…Restated, in cases where the plaintiff alleges the existence of a civil conspiracy among the defendants to commit tortious acts, the source of substantive liability arises out of a preexisting legal duty and its breach; liability can*not* arise out of participation in the conspiracy alone." (Emphasis in original.) To the same effect see *Weinbaum v Goldfarb, Whitman & Cohen,* 46 Cal. App. 4th 1310, 54 Cal. Rptr. 2d 462 (1996).

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 8 -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

Although not directly on point with the case at bar, these cases demonstrate that liability under the California law of civil conspiracy is limited and is intended to address conspiracies to commit torts for which the defendant conspirator could have direct liability. Summit US of course could not have been directly liable to MOL for misrepresentations made before Summit US even existed in March 2008. Although no California case directly addresses the question whether retroactive liability can be imposed to times before the defendant existed, these cases imply that California courts would prohibit that.

## IV. THE JUDGMENT AGAINST SUMMIT US SHOULD BE AMENDED TO REDUCE THE DAMAGES AWARDED TO THE PERIOD AFTER SUMMIT US JOINED THE CONSPIRACY.

The Court imposed joint and several liability against Kesco Container and Summit US in the total amount of $8,284,393.11. (CL pp. 73-74.) The Court derived this figure based on the damages claims in MOL's Appendix G to its Post-Trial Brief filed February 26, 2013, Dkt.#253-1, p. 103. The damages MOL claims from Kesco and Summit for the entire period of 2000-2010 total $8,284,393.11. Using the figures in MOL's Appendix G, the damages for joint and several liability for Summit US and Kesco Container limited to the years 2009-2010 would total $1,553,162.18. The Court found that the conspiracy ended in June 2010. MOL's damages claim in Appendix G shows payments to Rainbow in 2010 for Kesco shipments of $351,221.79 but does not segregate the portion of that amount incurred through the end of June and after June. Summit US should be liable only for the amount incurred through June. The Court should require MOL to specify the amount paid to Rainbow in 2010 for Kesco shipments through June so that the damages from January 2009 through June 2010 can be ascertained.

Accordingly the Court should reduce the amount of damages for which Summit US is jointly and severally liable with Kesco from $8,284,393.11 to at most $1,533,162.18, subject to further reduction in the amount of payments to Rainbow for post-June 2010 Kesco shipments.

## V. CONCLUSION.

The Court has been misled. Imposing retroactive liability on Summit US for Kesco's intentional misrepresentation torts committed before Summit US joined the conspiracy is

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 9 -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)

contrary to law, and it is an unwarranted application of case sound bites to a fact situation that the language in those cases never was intended to govern. Imposition of such retroactive liability on Summit US under these circumstances would constitute a vast and unprecedented expansion of the boundary circumscribing liability for civil conspiracy.

Summit US therefore respectfully requests that the Court grant its Motion to alter or amend the Judgment in accordance with the foregoing and reduce its joint and several liability with Kesco to the period January 2009 through June 2010, in the amount at most of $1,533,162.18, subject to further reduction in the amount of MOL payments to Rainbow for post-June 2010 Kesco shipments.

Dated: April 18, 2013  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
Eric Danoff
Katharine Essick


By_____/s/ Eric Danoff_____
Attorneys for Defendants
SEAMASTER LOGISTICS, INC. and TOLL GLOBAL FORWARDING (AMERICAS) INC.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 10 -

DEFENDANT SUMMIT'S MOTION TO ALTER OR AMEND JUDGMENT IN CASE NO CV 11 2861 SC
Case No. 10 CV 5591 SC (JSC) and Case No. 11 CV 2861 SC (JSC) (Consolidated)